## Claughton v. Bear, Stearns & Co.

*George V. Strong*, for plaintiff.
*Owen B. Rhoads*, for defendant.

BOK, P. J., January 23, 1958.—This is a petition, with answer, in which plaintiff asks leave to take oral depositions, as on cross-examination, of certain non-resident actors in two corporate entities.

The case involves the claim by an executrix of a bit over $4,000,000 based on fraud, arising out of the sale for the estate of 525,000 shares of Missouri-Kansas-Texas Railroad common stock by defendant as ostensible broker.

Four hundred and seventy-five thousand of these shares were taken by Pennroad Corporation and State

Street Investment Corporation, the two corporate entities above mentioned, and the desired deponents are officers and/or employes of them.

These corporations and their personnel are not parties to this action, nor is any charge of fraud laid against them. In fact, plaintiff's brief says: "It may be that Pennroad and State Street were as much deceived . . . as was plaintiff" by defendant's alleged misrepresentations. In addition, plaintiff avers as one of defendant's deceptions that it knew there was no "syndicate" formed by Pennroad and State Street and that, in fact, there was none.

Plaintiff's argument consists largely of demolishing defendant's objections to her petition.

Affirmative argument pro the request is very thin. It includes "the interests of justice"; the fact that "there are existing contradictions of record about important and vital matters"; and the pervading allegation of fraud.

Plaintiff asserts, ipse dixit, that Pennroad and State Street are hostile. Her saying so, even in affidavit form, does not make them so. I am not surprised that they changed their attitude after their first letter, in response to plaintiff's: in their position as takers of a huge block of stock the persistent questions by letter from counsel for the original seller might well cause them to retire indoors and abide the event. Doing so does not make them parties to the fraud, which hasn't been asserted, or even make them hostile.

The vice in petitioner's position is that it requires the court to prejudge the hostility of these witnesses. It is, of course, the modern tendency to run on longer legs when fraud is alleged, but the fraud here is not on the part of these witnesses. Neither are "the interests of justice" an unfenced territory.

I cannot avoid the impression that the story these witnesses may tell is less important to plaintiff than

714

the tactical position of eliciting it now in this form. Surely the rules of civil procedure are not designed to make the court a ballet master to pass upon exhibitions of footwork.

Plaintiff loses no rights by going to trial in the orthodox way. She can call these witnesses as her own and ask leave to cross-examine them if they prove hostile. The trial judge should be able to sense the color and feel the pressures of the trial in deciding that question.

Plaintiff can wait for defendant to put on the witnesses and then cross-examine them, or, if defendant does not use them, put them on in rebuttal.

It is of no moment that defendant took oral depositions in Florida. Not only should we take each situation as we find it instead of playing tit for tat, but the Florida deponents were plaintiff herself and her legal agents. As pointed out above, Pennroad and State Street are not parties.

Jury trial has been waived and with the greater flexibility in trial procedures I feel sure that the trial judge would allow no pertinent evidence to go unheard. Depositions can be ordered during trial if need be, and nonresident witnesses may be subpoened from New York and Massachusetts under the reciprocal witness provisions existing between Pennsylvania and those States.

With this situation as it is, Pennroad and State Street must remain in the open witness market.

The petition is denied.